IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> QUINTAVIOUS OBIE and MONIQUE DUBOSE, <br><br> Defendants. | CRIMINAL ACTION FILE NO. <br><br> 1:18-CR-007-ODE-JKL |

## NON-FINAL REPORT AND RECOMMENDATION

This case is before the Court on Defendants' Joint Motion for Severance of Parties [Doc. 100] and Defendant Quintavious Obie's Motion to Sever Counts Five Through Eight [Doc. 101].[1]  For the reasons that follow, it is **RECOMMENDED** that both motions be **DENIED**.

---

[1] As to Defendant Obie, this matter is before me for the limited purpose of addressing those two motions to sever. I previously certified this case ready for trial as to Defendant Obie, and the case has not been decertified. For now, I defer consideration of Obie's recently filed motion to suppress [Doc. 104] to the District Judge, unless she refers that matter to me or decertifies the case. As to Defendant DuBose, the time for filing pretrial motions has not yet passed. [*See* Doc. 94.] Thus, I am issuing this Report and Recommendation as a Non-Final Report and Recommendation. I note, however, that trial is set as to both Defendants on October 15, 2018.

**I.     Background**

On January 9, 2018, a grand jury seated in the Northern District of Georgia returned an indictment against Obie, charging him with five counts of human trafficking in violation of 18 U.S.C. § 1591(a) and (b)(1). [Doc. 13.] On August 21, 2018, a grand jury returned an eight-count superseding indictment against Obie and co-defendant Monique DuBose, which deleted one sex trafficking charge but added four charges of witness tampering against Obie and DuBose. [Doc. 71.] The following chart summarizes the count, the charged defendant, and describes, briefly, the nature of the charge:

| Count | Defendant | Description of Charge |
|---|---|---|
| 1 | Obie | Sex trafficking, in violation of 18 U.S.C. § 1591, as to alleged victim C.C. between October 2015 and January 2016 |
| 2 | Obie | Sex trafficking, in violation of 18 U.S.C. § 1591, as to alleged victim A.V.P. between May 2016 and August 2016 |
| 3 | Obie | Sex trafficking, in violation of 18 U.S.C. § 1591, as to alleged victim A.N.P. between March 2017 and May 2017 |
| 4 | Obie | Sex trafficking, in violation of 18 U.S.C. § 1591, as to alleged victim H.T. between July 2017 and December 2017 |
| 5 | Obie | Intentional harassment of alleged victim E.W. on January 2, 2018, to prevent E.W. from reporting to law enforcement the possible commission of sex trafficking, in violation of 18 U.S.C. § 1512(d)(2) |

| 6 | Obie and DuBose | Conspiracy to commit witness tampering with respect to the charges pertaining to the alleged commercial sex trafficking of A.V.P. and H.T., in violation of 18 U.S.C. § 1512(k) |
| 7 | Obie and DuBose | Witness tampering with respect to H.T., in violation of 18 U.S.C. § 1512(b)(1), in February 2018 |
| 8 | Obie and DuBose | Witness tampering with respect to A.V.P., in violation of 18 U.S.C. § 1512(b)(1), between February 2018 and April 2018 |

On September 24, 2018, Obie filed a "Joint Motion for Severance of Parties" in which he moves to sever his trial from DuBose's.[2] [Doc. 100.] On that same day, Obie also filed a motion to sever counts five through eight of the superseding indictment (the witness tampering counts) from counts one through four (the sex trafficking counts). [Doc. 101.] On September 27, 2018, the government filed a consolidated response in opposition to both motions. [Doc. 103.]

**II.     Discussion**

    **A.     Motion to Sever Parties**

Defendants move to sever their trials on the grounds that the defendants are not properly joined under Federal Rule of Criminal Procedure 8(b). [Doc. 100 at

---

[2] Although the motion is captioned as a "joint motion" and the introductory paragraph states that "Defendants" move for severance, only counsel for Obie signed the motion. As of the date of this report and recommendation, counsel for DuBose has not filed any opposition to Obie's motion; thus, the Court assumes that the Defendants are jointly requesting severance.

5-7.] Specifically, Defendants argue that the three witness tampering counts against DuBose are "separate and distinct from the greater charges of sex trafficking" and that the allegations against her are not related to the crime of sex trafficking." [*Id.* at 7.] Alternatively, Defendants argue that their trials should be severed under Rule 14 due to the potential for prejudicial spillover if evidence is admitted against both defendants. [*Id.* at 8-10.]

Federal Rule of Criminal Procedure 8(b) permits the joinder of defendants in the same indictment "if they are alleged to have participated in the same act or transaction," and the general rule is that defendants who are indicted together should be tried together, especially in conspiracy cases. *United States v. Chavez*, 584 F.3d 1354, 1359-60 (11th Cir. 2009); *United States v. Browne*, 505 F.3d 1229, 1268 (11th Cir. 2007); *United States v. Cobb*, 185 F.3d 1193, 1197 (11th Cir. 1999); *see also Zafiro v. United States*, 506 U.S. 534, 537-38 (1993). To meet the "same series of acts or transaction" requirement of Rule 8(b), the government must demonstrate that the acts alleged are united by substantial identity of facts or participants; however, there is no requirement that each participant participate in all acts or even know the other participants' roles in the alleged activities. *United States v. Holloway*, 971 F.2d 675, 679 (11th Cir. 1992).

Rule 14 authorizes the severance of properly joined defendants for trial if their joinder "appears to prejudice a defendant . . . ." Fed. R. Crim. P. 14(a). Even so, "[t]he burden is on the defendant to demonstrate that a joint trial will result in specific and compelling prejudice to the conduct of [her] defense." *United States v. Schlei*, 122 F.3d 944, 984 (11th Cir. 1997). The Eleventh Circuit has recognized four general types of prejudicial joinder that can require severance under Rule 14: (1) where the defendants rely on mutually antagonistic defenses; (2) where one defendant would exculpate the moving defendant in a separate trial, but will not testify in a joint setting; (3) where inculpatory evidence will be admitted against one defendant that would be inadmissible against the other; and (4) where the moving defendant will be prejudiced by "spillover" of evidence, which may prevent the jury from sifting through the evidence to make an individualized determination as to each defendant. *Chavez*, 584 F.3d at 1360-61. Severance on any of these grounds is "rarely granted," and is, in any event, committed to the sound discretion of the trial court; the denial of a motion for severance will not be reversed absent a clear abuse of discretion. *Id.* at 1360; *Cobb*, 185 F.3d at 1197-98.

Turning first to the issue of whether Obie and DuBose have been properly joined as defendants in the superseding indictment, the Court readily concludes that joinder is proper.  Rule 8(b) is a pleading rule, and courts look to the indictment to determine whether joinder is proper under that rule.  *See United States v. Liss*, 265 F.3d 1220, 1227 (11th Cir. 2001); *United States v. Melvin*, 143 F. Supp. 3d 1354, 1363 (N.D. Ga. 2015).  Here, DuBose and Obie are charged with conspiring with each other to tamper with witnesses in an effort to impede the prosecution of sex trafficking charges, and both defendants are charged in two substantive witness tampering counts involving the same witnesses with respect to the same prosecution.  [Doc. 71 at 3-4.]  Clearly, Obie and DuBose are alleged to have participated in the same act or transaction; their joinder with respect to the sex trafficking counts is therefore appropriate.  Thus, if the only charges in this case were the witness tampering charges, the Court would readily agree that joinder is appropriate.

Defendants assert that that DuBose is nevertheless misjoined as a defendant under Rule 8(b) because the superseding indictment does not allege she was involved in the underlying sex trafficking charges. [Doc. 100 at 7.]  Though the sex trafficking charges predate the tampering charges and there is no indication in

the superseding indictment that DuBose was involved in the alleged sex trafficking, the sex trafficking charges and the witness tampering charges are intertwined. The superseding indictment alleges that DuBose and Obie tampered with two of the alleged sex trafficking victims, H.T. and A.V.P., and that they did so in an effort to impede the prosecution of Obie on the sex trafficking charges. Thus, the allegations against DuBose are related to the sex trafficking charges in this case. Accordingly, the Court concludes that the fact that DuBose is not indicted on sex trafficking charges does not warrant severance. *See* Fed. R. Crim. P. 8(b) ("All defendants need not be charged in each count.").

Having found that Rule 8(b) is satisfied, the Court next turns to whether the potential of prejudice at trial warrants severance. Defendants' arguments in this regard are difficult to follow. Defendants argue that DuBose was added as a defendant in this case "to allow the government to strengthen its case of sex trafficking against Obie, by allowing it to present prejudicial evidence of witness tampering based on how one interprets a number of phone calls." [Doc. 100 at 9.] Defendants further argue that their joinder allows prejudicial evidence to be admitted against each of them. [*Id.*]

The Court cannot agree that DuBose's presence in this case would be so prejudicial to Obie so as to justify severance. Obie's concern that a jury will hear evidence concerning alleged witness tampering during a trial on the underlying sex trafficking charges will in no way be mitigated if DuBose is tried separately. It appears instead that Obie is arguing that the sex trafficking charges should be severed, which is the subject of his motion to sever counts, which the Court addresses in the next section. In short, the Court fails to see how severing DuBose would reduce the risk of potential prejudice to the jury.

Moreover, Defendants' prejudicial spillover argument is couched in terms of vague generalities. They provide no specific examples of how either of them will be unduly prejudiced at a joint trial. And more to the point, Defendants' concern that a jury will be unable to sift through the evidence at trial and make an individual determination of guilt as to each of them is a concern in virtually any multi-defendant case where the participants have differing levels of participation. Whatever risk there may be can likely be cured through limiting instructions to the jury. *See Zafiro*, 506 U.S. at 539. Accordingly, the Court concludes that, at this point, Defendants have not demonstrated that they would suffer such compelling prejudice to mandate severance.

For these reasons, it is **RECOMMENDED** that the motion for severance of parties be **DENIED**.

### B.     Motion to Sever Counts

Obie argues that the witness tampering counts (counts five through eight) should be severed under Rule 8(a) because the conduct alleged in the sex trafficking counts (counts one through four) "are completely separate and unrelated to the conduct alleged" in the witness tampering counts. [Doc. 101 at 5.] Obie points out that the conduct alleged in the sex trafficking counts purportedly occurred between October 2015 through December 2017, whereas the witness tampering counts are based on conduct that allegedly occurred from January through April 2018. [*Id.* at 5-6.] Obie goes on to argue that the sex trafficking charges are separate and distinct from witness tampering charges, both temporally and in substance, and that the evidence relevant to both types of charges is distinct. [*Id.* at 6.]

Obie alternatively argues that, even if the counts are properly joined, the Court should grant severance under Rule 14 because he will face unfair prejudice at trial if the charges are tried together. [Doc. 101 at 6-7.] Obie asserts that the evidence supporting all charges in this case is weak, and that the government has "manipulate[d] the grand jury process and the trial process" "to inject prejudicial evidence into the trial and help salvage a difficult case of sex trafficking." [*Id.* at

9

7.] Obie further argues that severing counts would serve judicial economy because, if severed, the Court may avoid having to spend time on limiting instructions and mitigating the risk of a hung jury. [*Id.* at 8.]

The Court disagrees. Federal Rule of Criminal Procedure 8(a) allows an indictment to charge a defendant "in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). The Eleventh Circuit construes Rule 8(a) broadly in favor of initial joinder. *E.g.*, *United States v. Smalley*, 754 F.2d 944, 946 (11th Cir. 1985).

In this case, the witness tampering and sex trafficking charges are properly joined because the charges "are connected with or constitute parts of a common scheme or plan." *See* Fed. R. Crim. P. 8(a). In particular, the government alleges that Obie used force, threats of force, fraud, and coercion to control the victims identified in the indictment to engage in acts of prostitution, and then once he was arrested, he and DuBose engaged in a scheme to contact the victims to tamper with their testimony, all in an effort to impede Obie's prosecution. *See United States v. Mir*, 525 F.3d 351, 357 (4th Cir. 2008) (holding that joinder of witness tampering

charge with underlying charges of labor certification fraud was proper because the alleged witness tampering "was designed to obstruct the government's investigation . . . by attempting to persuade witnesses to lie before the grand jury and flee the jurisdiction before testifying"). Along those lines, the underlying sex trafficking charges provide the motive for the witness tampering charges. *See United States v. Cadicamo*, No. 8:08-cr-323-T-23TGW, 2009 WL 141507, at *2 (M.D. Fla. Jan. 21, 2009) (finding that witness tampering and retaliation conspiracy charges were properly joined with RICO conspiracy charge because the alleged RICO conspiracy provided motive for alleged witness tampering and retaliation). By the same token, evidence of Obie's attempt to tamper with or influence witnesses may be admissible to show criminal intent and state of mind with respect to the sex trafficking counts. *See United States v. Colhoff*, 833 F.3d 980, 983 (8th Cir. 2016) (holding that witness tampering charge was properly joined with underlying drug conspiracy charge because the charges were factually interrelated, as demonstrated by evidentiary overlap between the conspiracy and witness-tampering charges).

The Court is also not persuaded that Obie's concerns of prejudicial spillover warrant severance under Rule 14(a). Obie's arguments relating to prejudice are

based on his assumption that, if the sex trafficking charges were tried separately from the witness tampering charges, the evidence pertaining to each type of changes would be siloed. This is unlikely. As just discussed, due to the interrelatedness of the charges, if Obie were granted separate trials on the sex trafficking and tampering charges, at least some evidence pertaining to both charges would likely be admissible in each proceeding. Thus, severing the counts would likely not mitigate the potential prejudice to Obie of a single trial. *See Colhoff*, 833 F.3d at 983-84 ("Because evidence pertaining to both charges likely would have been admissible in separate trials, [the defendant] also cannot show a reasonable probability that joinder affected the outcome of the proceedings.") (citing *United States v. Olano*, 507 U.S. 725 (1993)). Whatever the risk may be that a jury might conflate the evidence and the charges in a trial on all charges, the Court has no reason to believe that the risk can be cured through limiting instructions to the jury.

Accordingly, it is **RECOMMENDED** that the motion to sever counts be **DENIED**.

### III. Conclusion

For the foregoing reasons, it is **RECOMMENDED** that Defendants' Joint Motion for Severance of Parties [Doc. 100] and Obie's Motion to Sever Counts Five Through Eight [Doc. 101] be **DENIED**.

IT IS SO RECOMMENDED this 1st day of October, 2018.

_____
JOHN K. LARKINS III
United States Magistrate Judge