FILED IN CHAMBERS
U.S.D.C. - Atlanta

DEC 07 2018

James N. Hatten, Clerk
By: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

QUINTAVIOUS OBIE (1) and
MONIQUE DUBOSE (2)

CRIMINAL CASE NO.

1:18-CR-007-ODE-JKL

ORDER

This criminal case is currently before the Court on Magistrate Judge John K. Larkins III's Non-Final Report and Recommendation ("November 16th R&R") [Doc. 170] as to Defendant Monique Dubose ("Dubose"), and Defendant Quintavious Obie's ("Obie") Objections to the Report and Recommendation [Doc. 194] in response to Judge Larkins' Final Report and Recommendation ("November 19th R&R") as to Obie [Doc. 177].

I.    **LEGAL STANDARD**

In reviewing an R&R, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   28 U.S.C. § 636(b)(1).   Absent objection, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."   Id.

II.   **THE NOVEMBER 16TH R&R AS TO DUBOSE [Doc. 170]**

On October 17, 2018, Dubose filed Defendant's Motion to Suppress Search of Cellular Telephone or Alternatively for a Franks Hearing [Doc. 130] and a Motion to Suppress Statements [Doc. 131].   The Government responded to both motions on October 29, 2018 [Docs. 154, 157].   On November 5, 2018, Dubose filed a reply [Doc. 161] as to

only one of her two motions, the Motion to Suppress Search of
Cellular Telephone [Doc. 130].   Judge Larkins held an evidentiary
hearing on the motions on November 15, 2018.   Then, Judge Larkins
issued his November 16th R&R [Doc. 170] as to Dubose.   In an Order of
November 19, 2018, this Court directed the parties to file any and
all objections to the R&R no later than November 26, 2018 [Doc. 175].
No objections were filed.

The November 16th R&R recommends Dubose's Motion to Suppress
Search of Cellular Telephone or Alternatively for a <u>Franks</u> Hearing
[Doc. 130] be denied and Dubose's Motion to Suppress Statements [Doc.
131] be granted in part and denied in part.   Specifically, the R&R
recommends Dubose's Motion to Suppress Statements be denied as to
Dubose's statement confirming her phone number and granted as to
Dubose's statement acknowledging that the seized iPhone matched with
her phone number [Doc. 170 at 31-33].   The Court having read and
considered the R&R and noting the absence of any objections thereto,
the November 16th R&R [Doc. 170] is ADOPTED IN FULL as the opinion
and order of the Court.   For the reasons set forth in the November
16th R&R, Dubose's Motion to Suppress Search of Cellular Telephone or
Alternatively for a <u>Franks</u> Hearing [Doc. 130] is DENIED, and Dubose's
Motion to Suppress Statements [Doc. 131] is GRANTED IN PART and
DENIED IN PART.

## III. OBJECTIONS TO THE NOVEMBER 19TH R&R AS TO OBIE

### A.   Factual Background

On January 9, 2018, a grand jury returned an indictment charging
Obie with five counts of sex trafficking [Doc. 13].   Following a
detention hearing, Obie was ordered detained pending trial [Doc. 25].
On July 2, 2018, Obie's jury trial was set to begin September 10,

2018 [Doc. 57].   On August 14, 2018, the Government filed the Government's First Motion to Continue Trial [Doc. 68].   As part of its explanation for requesting a continuance, the Government stated that it intended to seek a superseding indictment the following week "to add additional charges" [Id. at 2].   As projected, the Government obtained a First Superseding Indictment [Doc. 72] during the next week, on August 21, 2018.   The First Superseding indictment removed one of the five original sex trafficking counts against Obie; added Dubose as a defendant in the case; and added witness tampering charges against Obie and Dubose [Id.].   Then, on August 24, 2018, Obie filed Defendant's Response to Government's First Motion to Continue Trial [Doc. 78], in which he opposed the Government's request for a lengthy continuance.[1]   On September 19, 2018, this Court denied the Government's First Motion to Continue Trial [Doc. 68] and reset trial for October 16, 2018 [Doc. 95].   In an Order of October 3, 2018, this Court reset trial again to October 29, 2018 [Doc. 112].   Then, on October 17, 2018, the Government filed a Second Superseding Indictment [Doc. 139], which added one count of sex trafficking against Obie.   On October 20, 2018, the Government filed a Motion to Disqualify Obie's Defense Counsel [Doc. 146].   The motion sought the disqualification of Richard Rice, arguing that his alleged communications with a victim in Obie's case would render him an improper "unsworn witness" at trial [Id.].

---

[1] As Obie points out in his Motion to Dismiss for Prosecutorial Vindictiveness, his response to the Government's motion to continue made "no objection to continue the trial for a reasonable period of time," but objected to the continuance sought as too lengthy [Doc. 78 at 1].

Obie filed his Motion to Dismiss for Prosecutorial Vindictiveness [Doc. 173] on November 16, 2018. In it, Obie argues that all charges against him should be dismissed because the Government "obtained the [superseding indictments] in order to punish Mr. Obie for his exercise of his right to a jury trial and refusal to consent to a continuance" [Id. at 11]. Obie contends the facts of the case give rise to a presumption of vindictiveness and "strongly indicate actual vindictiveness" [Id.]. Specifically, Obie states that because the Government added new charges after he asserted his right to a jury trial and opposed the Government's request to continue trial--having known the factual basis for the new charges well before seeking superseding indictments--the "inexorabl[e]" conclusion is that the Government's superseding indictments were improperly motivated by vindictiveness [Id.]. Judge Larkins' November 19th R&R [Doc. 177] recommends denial of Obie's Motion to Dismiss for Prosecutorial Vindictiveness [Doc. 173]. On November 26, 2018, this Court directed the parties to file any objections to the November 19th R&R no later than November 28, 2018. Obie timely filed Defendant Obie's Objections to the Report and Recommendation [Doc. 177], which are now before the Court for its consideration.

B.   Obie's Objections

In his objections, Obie argues the November 19th R&R misapplied United States v. Barner, 441 F.3d 1310 (11th Cir. 2006), leading to an inaccurate conclusion that Obie's motion failed to justify a presumption of vindictiveness or make a showing of actual vindictiveness. Obie further contends the November 19th R&R erred in refusing to at least hold a hearing on his motion or require the

Government to respond to it to explain its conduct.   The Court addresses Obie's objections below.

Obie objects to the November 19th R&R's finding that he failed to justify a presumption of vindictiveness or demonstrate actual vindictiveness.   The November 19th R&R found that Obie failed to show that the Government's conduct gave rise to a presumption of vindictiveness.   Citing Barner, the R&R noted that "[i]n the pretrial setting, there is no presumption of vindictiveness just because the government supersedes an indictment--even multiple times--after a defendant has exercised a legal right" [Doc. 177 at 5].   The November 19th R&R also found that Obie failed to establish actual vindictiveness because he made no causal connection between his exercise of a protected right and the Government's decisions to seek superseding indictments, nor did he present any evidence of vindictiveness in the Government's decision-making [Id. at 6].

To prevail on a claim of prosecutorial vindictiveness, a defendant must show either actual vindictiveness or circumstances meriting a rebuttable presumption of vindictiveness.   See, e.g., United States v. South, 295 Fed. Appx. 959, 967 (11th Cir. 2008) (finding that, because the facts did not give rise to a presumption of vindictiveness, the defendant "must establish actual vindictiveness").   In this context, vindictiveness is "the desire to punish a person for exercising his rights." United States v. Barner, 441 F.3d 1310, 1315 (11th Cir. 2006).

A presumption of vindictiveness arises only where the factual circumstances indicate a "reasonable likelihood of vindictiveness." United States v. Goodwin, 457 U.S. 368, 373 (1982).   Generally, if a prosecutor has probable cause to believe a defendant committed a

crime, courts may not interfere with the decision to prosecute. Barner, 441 F.3d 1315 (citing United States v. Cole, 755 F.3d 748, 758 (11th Cir. 1985); United States v. Spence, 719 F.2d 358, 361 (11th Cir. 1983)). However, if a prosecutor seeks a superseding indictment out of vindictiveness, such conduct would violate due process. Barner, 441 F.3d 1315 (citing Spence, 719 F.2d at 361). "While a prosecutor's decision to seek heightened charges after a successful *post-trial* appeal is enough to invoke a presumption of vindictiveness, proof of a prosecutorial decision to increase charges after a defendant has exercised a legal right does not alone give rise to a presumption in the *pretrial* context." Id. at 1316 (internal quotation marks and citation omitted; emphasis in original). Although it may be possible for the facts of a case to give rise to a presumption of vindictiveness in a pretrial setting, those facts would need to be compelling enough to create the required "realistic likelihood of vindictiveness." See id. at 1318; see also South, 295 Fed. Appx. at 967 n.4.

Where there is no justified presumption of vindictiveness, a defendant may nonetheless succeed in his claim for prosecutorial vindictiveness if he makes a showing of actual vindictiveness. As the November 19th R&R notes, "[t]o establish actual vindictiveness, a defendant must prove that: (1) the prosecutor wanted to punish the defendant for exercising his rights (animus); and (2) the prosecutor's animus caused the prosecutor to bring charges of increased severity (causation)." United States v. Brown, 862 F. Supp. 2d 1276, 1290 (N.D. Ala. 2012), aff'd, 516 Fed. Appx. 872 (11th Cir. 2013).

First, the circumstances presented by Obie do not give rise to a presumption of vindictiveness. Obie argued in his motion that the Government sought superseding indictments to punish him for exercising his rights to a jury trial and to refuse to consent to a continuance. It is true that the Government sought superseding indictments after Obie exercised his right to a jury trial. However, as previously stated, proof that a prosecutor sought increased charges after a defendant exercised a protected right is not in itself enough to create a presumption of vindictiveness in the pretrial context. Barner, 441 F.3d at 1316.

Further, assuming Obie's opposition to the Government's requested continuance qualifies as exercising a protected right, the Government had already obtained its First Superseding Indictment before Obie filed his response in opposition to the Government's continuance request. Thus, Obie's opposition to the continuance could not have motivated the First Superseding Indictment. These facts are inadequate to give rise to a presumption of vindictiveness. Although the Court agrees with Obie that it may be possible for a presumption to be justified in the pretrial context,[2] the facts of this case simply do not create a "realistic likelihood of vindictiveness."

---

[2] Obie states in his objections that Barner does not go so far as to preclude the possibility of a presumption of vindictiveness arising in the pretrial context. The Court agrees. However, contrary to what Obie suggests, this was the November 19th R&R's finding as well; it clearly stated that the Court in Barner "did not absolutely foreclose the possibility that in the pretrial context, a presumption of vindictiveness could arise" [Doc. 177 at 6, n.2]. Thus, to the extent Obie suggested the November 19th R&R misstated the law as set forth in Barner, he is incorrect.

Second, Obie has not made a showing of actual vindictiveness. The Court agrees with the November 19th R&R that Obie failed to demonstrate any causal connection between the Government's superseding indictments and his exercise of protected rights. As previously mentioned, the Government's First Superseding Indictment could not have been motivated by Obie's opposition to its continuance request, as the indictment preceded Obie's opposition. Further, Obie presents no evidence in his motion or objections otherwise connecting the Government's decisions to seek superseding indictments to the exercise of his rights.

The Court also agrees with the November 19th R&R that the other facts to which Obie points in his motion--namely, the Government seeking disqualification of Obie's counsel; comments to Dubose by a case agent expressing disapproval of her choice of counsel; and the Government's conversation with victim H.T. without her lawyer's consent--do not indicate any vindictiveness by the Government. First, as the November R&R states, the Government's motion to disqualify Obie's counsel was not frivolous nor was there any indication it was filed in bad faith. Second, whether a case agent disapproved of Dubose's choice of counsel has no bearing on whether the Government acted out of vindictiveness against Obie. The same is true regarding the Government's alleged conversation with victim H.T. without her attorney's consent. None of these things make a vindictive motive by the Government more likely. Thus, because Obie has failed to establish any causal connection between his exercised rights and the Government's conduct, and has not brought forth any evidence tending to show a vindictive animus on the Government's behalf, he fails to make a showing of actual vindictiveness.

Obie also objects to the November 19th R&R's refusal to hold an evidentiary hearing regarding his motion or require the Government to respond to his motion.  He argues that, by refusing a hearing here, the November 19th R&R does not follow "the full holding" of <u>Barner</u> [Doc. 194 at 2].  This is incorrect.  Nothing in <u>Barner</u> suggests that a hearing is required when a defendant brings a motion for prosecutorial vindictiveness.  The Court agrees with the November 19th R&R that a hearing or Government response is unnecessary here. Because Obie's motion fails to set forth evidence tending to support vindictiveness by the Government, a hearing is not merited.  For the above reasons, Obie's objections to the November 19th R&R are OVERRULED and the Final Report and Recommendation [Doc. 177] as to Obie is ADOPTED IN FULL.

## IV.   CONCLUSION

In sum, Judge Larkins' Non-Final Report and Recommendation [Doc. 170] as to Defendant Monique Dubose is ADOPTED IN FULL.   Further, Defendant Obie's Objections to the Report and Recommendation [Doc. 194] are OVERRULED and the Final Report and Recommendation [Doc. 177] as to Defendant Quintavious Obie is ADOPTED IN FULL.

SO ORDERED this ___6___ day of December, 2018.


ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE